THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH VAN HEE, Defendant-Appellant

Second District No. 2—98—0544

Opinion filed June 8, 1999.

G. Joseph Weller and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Martha M. Gillis, of Evanston, for the People.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Kenneth Van Hee, was indicted on four counts of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1994)). On January 23, 1995, defendant pleaded guilty to one count of aggravated criminal sexual assault, and the State nol-prossed the remaining counts. The trial court sentenced defendant to 20 years' imprisonment. On February 22, 1995, defendant filed a motion to reconsider sentence. There is no evidence in the record indicating that a hearing was held on the motion or that the trial court made a ruling on it. On March 18, 1998, defendant filed a motion for an extension of time to file a petition for postconviction relief, which the trial court denied. Defendant now appeals the denial of his motion. We affirm.

Preliminarily, defendant argues that he is not "time-barred" from pursuing a petition for postconviction relief because there was no final judgment in this case. Relying on *People v. Izquierdo*, 262 Ill. App. 3d 558 (1994), defendant maintains that his sentence is not final until the trial court rules on his motion to reconsider. He argues that the three-year time frame for filing a petition for postconviction relief has not been triggered because the trial court did not rule on his motion to reconsider.

In response, the State asserts that the trial court properly denied defendant's motion to extend. The State argues that the January 23, 1995, trial court order pronouncing defendant's sentence was a final order and that the limitations period for filing a petition for postconviction relief commenced at that time. Additionally, the State maintains that, although defendant filed a motion to reconsider sentence, he never set this motion for hearing and, therefore, the date of sentencing marked the beginning of the limitations period.

 Contrary to defendant's assertion, in criminal cases, a judgment is considered final after defendant has been convicted and sentenced. *People v. Woolsey*, 139 Ill. 2d 157, 161 (1990). Defendant's reliance on *Izquierdo* is misplaced. Unlike the motion to reconsider in this case, in *Izquierdo* the trial court ruled on defendant's motion to reconsider. *Izquierdo*, 262 Ill. App. 3d at 561. Local Rule 2.01(m) (19th Judicial Cir. Ct. R. 2.01(m) (eff. January 2, 1997)) provides that "[t]he burden of calling for hearing any motion previously filed is on the party making the motion." Thus, pursuant to Rule 2.01(m), defendant carried the burden to call for hearing his motion to reconsider.

Additionally, as the State properly notes, when no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise. *People v. Kelley*, 237 Ill. App. 3d 829, 831 (1992). There is no evidence in the record establishing that the trial court ruled on the motion to reconsider. Absent evidence to the contrary, we may presume that defendant abandoned his motion. The failure to obtain a ruling on a motion does not transform a final order into a nonfinal order. Because the motion was not adjudicated, the January 23, 1995, order entering defendant's guilty plea and sentencing him was a final judgment and marked the beginning of the limitations period for filing a postconviction petition.

Alternatively, defendant argues that if the trial court's order sentencing him constitutes a final order, his motion to extend should be granted because he has alleged facts demonstrating that the delay in filing a postconviction petition was not due to his culpable negligence. He asserts that his delay is excusable because he was denied access to the prison law library during a lockdown. He urges this court to adopt the reasoning in Justice Green's dissent in the fourth district case of *People v. McClain*, 292 Ill. App. 3d 185 (1997) (Green, J., dissenting), and the approach of the third district in *People v. Mitchell*, 296 Ill. App. 3d 930 (1998), which recognized that some delay in filing a postconviction petition is excusable in certain instances where the petitioner is denied access to a law library due to a prison lockdown. Defendant also maintains that, during his incarceration, the limitations period for filing a postconviction petition changed. He argues that in light of this change his failure to sort through these "legal complexities" without access to a prison law library does not amount to culpable negligence.

The State replies that defendant has failed to make a substantial showing that the delay in filing his petition was not the result of his culpable negligence. The State relies on *McClain* as support for the proposition that the denial of access to a prison law library due to a lockdown does not excuse a petitioner's failure to timely file a postconviction petition. Additionally, the State argues that the defendant's mistaken belief as to the applicable limitations period does not abrogate compliance with the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1(c) (West 1996)) and constitutes culpable negligence. The State maintains that defendant's petition was untimely under either limitations period.

■ Section 122—1(c) of the Act provides:

> "No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45

days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or *3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.*" (Emphasis added.) 725 ILCS 5/122—1(c) (West 1996). The petitioner carries the burden of establishing that a delay in filing a postconviction petition was not the result of his culpable negligence. *Mitchell*, 296 Ill. App. 3d at 933. To show the absence of culpable negligence, a petitioner must allege facts justifying the delay. *People v. Bates*, 124 Ill. 2d 81, 88 (1988). The trial court's determination of whether the delay was due to a petitioner's culpable negligence will not be disturbed on review unless it is manifestly erroneous. *People v. Caballero*, 179 Ill. 2d 205, 214 (1997).

The affidavit filed with petitioner's motion to extend indicated that defendant possessed little knowledge of the postconviction petition filing procedures. The Centralia Correctional Center had been on lockdown status for the last few months, and inmates were not allowed access to the law library during this time. As a result, defendant was unable to prepare a timely postconviction petition. Defendant averred that he just recently became aware of the three-year limitations period.

As the parties correctly note, there are two competing views in the appellate court on the issue of whether a prison lockdown, which denies a petitioner access to a law library, excuses his delay in filing a timely postconviction petition. In *McClain*, the fourth district, with Justice Green dissenting, concluded that a *pro se* petitioner filing a postconviction petition is only required to set forth the " 'gist of a meritorious claim' " by pleading sufficient facts demonstrating the deprivation of a constitutional right. *McClain*, 292 Ill. App. 3d at 189-90, quoting *People v. Lemons*, 242 Ill. App. 3d 941, 946 (1993). The majority held that the denial of access to a prison law library does not excuse the delay in filing a timely postconviction petition. *McClain*, 292 Ill. App. 3d at 190.

In *McClain*, Justice Green disagreed with the majority's conclusion that the lockdown did not excuse the delay in filing a timely postconviction petition. *McClain*, 292 Ill. App. 3d at 192 (Green, J., dissenting). He observed that, although *pro se* petitioners drafting postconviction petitions are subject to a more lenient standard, there was no evidence that the defendant was aware of this lower standard. *McClain*, 292 Ill. App. 3d at 192 (Green, J., dissenting). Additionally, Justice Green noted that "many prisoners are unable to draft even

simple documents seeking relief without the aid of more sophisticated prisoners referred to as 'jailhouse lawyers.' " *McClain*, 292 Ill. App. 3d at 192 (Green, J., dissenting).

Consistent with and relying on Justice Green's dissent, the third district in *Mitchell* concluded that, in cases where the record supports that lockdowns have "deprived the defendant of a meaningful opportunity to prepare his petition in a timely fashion, \*\*\* some delay is excusable." *Mitchell*, 296 Ill. App. 3d at 933.

■ We agree with the approach recently espoused by the court in *Mitchell* and the reasoning in Justice Green's dissent and conclude that, in cases where the record contains evidence that the lockdown prevents a defendant from having a "meaningful opportunity" to prepare a timely postconviction petition, the delay is not the result of the defendant's culpable negligence. As Justice Green observed, despite the more lenient standard applicable to *pro se* petitioners, it is unlikely that petitioners would be aware of this standard. Additionally, it is difficult to imagine that a *pro se* petitioner would know how to prepare a postconviction petition absent assistance. In many instances, the only opportunity available to petitioners to learn the procedural and substantive rules governing the preparation of postconviction petitions is through access to the resources available in a law library.

■ Here, defendant pleaded guilty and was sentenced on January 23, 1995. He filed his motion to extend on March 18, 1998, approximately three months after the expiration of the three-year limitations period. In his affidavit, defendant averred that the lockdown precluded him from obtaining access to the law library "for the last few months." Defendant failed to include specific facts indicating the duration of the lockdown. Absent specific dates, we are left to speculate that the lockdown lasted a short period of time. Under these circumstances, the lockdown did not excuse defendant's delay because defendant could have utilized the law library during the times that the lockdown was not in effect.

Defendant's argument that he was unfamiliar with the controlling limitations period is insufficient to establish that the delay was not due to his culpable negligence. When defendant pleaded guilty and was sentenced, the Act provided that, in calculating the date for triggering the limitations period, the method that employed the later date controlled. See 725 ILCS 5/122—1 (West 1994). During defendant's incarceration, section 122—1 of the Act was amended to change the word "later" to "sooner," thereby reducing the limitations period in certain cases. 725 ILCS 5/122—1 (West 1994) (amended by Pub. Act. 88—678, § 15, eff. July 1, 1995). Because the lockdown was only temporary, defendant could have learned of the applicable limitations

338

period when the correctional facility was not on lockdown status. As the State correctly notes, under either statutory scheme, the limitations period expired in this case, and defendant failed to allege sufficient facts to meet his burden of establishing that the delay was not the result of his culpable negligence. Accordingly, we cannot say that the trial court's determination was manifestly erroneous.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.