THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES JENKINS, Defendant-Appellant.

Fourth District   No. 4—01—0483

Opinion filed June 7, 2002.

COOK, J., dissenting.

Daniel D. Yuhas and Jenifer L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Charles Jenkins, filed a petition for postconviction relief pursuant to section 122—1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/122—1 (West 2000)), often referred to as the Post-Conviction Hearing Act (Act). Upon initial review, the trial court dismissed the petition as untimely. Defendant appeals, arguing that the trial court erred in so finding. We affirm.

## I. BACKGROUND

On January 7, 1998, pursuant to a plea agreement, defendant pleaded guilty to three counts of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 1996)), and the trial court sentenced him to three concurrent 46-year prison terms, one for each count. Defendant moved to withdraw his guilty plea and vacate the conviction. See 145 Ill. 2d R. 604(d). On December 7, 1998, the trial court denied the motion, and defendant appealed. We affirmed (*People v. Jenkins*, No. 4—99—0025 (July 26, 2000) (unpublished order under Supreme Court Rule 23)), and defendant filed a petition for leave to appeal to the supreme court. On October 4, 2000, the supreme court denied defendant's petition for leave to appeal. *People v. Jenkins*, 191 Ill. 2d 547, 738 N.E.2d 932 (2000) (table cite).

On February 8, 2001, defendant filed his petition for postconviction relief. *Sua sponte*, the trial court dismissed the petition, without

prejudice, on the ground that the petition was untimely. Noting that a defendant may file a late petition for postconviction relief if the delay was not due to his or her culpable negligence, the trial court, in its order of dismissal, allowed defendant 30 days "to file any factual allegations that would indicate that the delay in filing this petition was not due to his culpable negligence." Defendant responded with a motion to reconsider, alleging only that his petition for postconviction relief was timely because he had filed it within six months after the supreme court issued a mandate on its denial of his petition for leave to appeal. The trial court denied the motion to reconsider. This appeal followed.

## II. ANALYSIS

■ Section 122—1(c) states:

"No proceedings under this [a]rticle shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 2000).

Thus, a defendant must file his or her petition for postconviction relief by the earliest of the following three deadlines: (1) six months after "the denial of a petition for leave to appeal" to the supreme court "or the date for filing such a petition," (2) 45 days after the defendant files his or her brief in an appeal before the supreme court (or 45 days after the brief is due, if none is filed), or (3) three years after the date of conviction. 725 ILCS 5/122—1(c) (West 2000). If the petition is untimely, the defendant must allege "facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 2000).

Because the present case does not involve an appeal to the supreme court, the 45-day period is inapplicable. Therefore, we must ascertain which of the remaining two periods expired earlier: the six-month period or the three-year period. Defendant agrees that the six-month period ended on April 4, 2001 (six months after the supreme court denied his petition for leave to appeal on October 4, 2000). Now we must count three years from "the date of conviction." See 725 ILCS 5/122—1(c) (West 2000).

In *People v. Woods*, 193 Ill. 2d 483, 489, 739 N.E.2d 493, 496 (2000), the supreme court held that the words "date of conviction," in section 122—1(c) of the Act, meant "the date that final judgment[,] including

sentence[,] was entered." In the present case, that date was January 7, 1998, when the trial court adjudged defendant guilty and imposed the sentence. That defendant filed a motion to withdraw his plea and vacate the sentence did not make the judgment any less final. Supreme Court Rule 606(b) (188 Ill. 2d R. 606(b)) draws a distinction between a final judgment and the ruling on a motion directed against the final judgment. Three years after January 7, 1998, was January 7, 2001.

Defendant argues that the date of his conviction was July 26, 2001, when we affirmed the trial court's judgment on direct appeal. He also contends, elsewhere in his brief, that "the date of conviction" was December 7, 1998, when the trial court denied his motion to withdraw his guilty plea. According to defendant, we held, in *People v. Ivy*, 313 Ill. App. 3d 1011, 730 N.E.2d 628 (2000), "that the date of conviction begins running from the date the appellate court affirms the convictions and sentences on appeal." He purports to derive that holding from the following language in the decision: "This sentence was not final until the trial court denied defendant's amended motion to reconsider sentence and that denial was affirmed on appeal." *Ivy*, 313 Ill. App. 3d at 1016, 730 N.E.2d at 634.

In *Ivy*, the initial appeal resulted in a remand, and after the reimposition of sentence, a second appeal. The language redefining the term "conviction" to extend the date of conviction to the resolution of any appeal was improvident at best and contrary to both the definition the supreme court gave to the term in *Woods* and the obvious intent of the legislature in the Act.

This court in *Ivy* was faced with preserving a defendant's rights under the Act when a lengthy appellate process had extended beyond the statutory deadline for filing a petition. We recognized the need to provide for such an eventuality and said:

> "We are not prepared to require a defendant to file a postconviction petition while the decision of this court on direct appeal is pending in order to be within the three-year limitations period from the original imposition of sentence. An otherwise diligent defendant should not be penalized in the filing of a postconviction petition for the length of time it takes his attorneys, the State, and this court to process a direct appeal." *Ivy*, 313 Ill. App. 3d at 1016, 730 N.E.2d at 634-35.

An "otherwise diligent defendant" is one who is not culpably negligent. The defendant in *Ivy* was not culpably negligent in filing his petition for postconviction relief during the six-month period, because appellate proceedings were still pending when the three-year period expired. We said:

"Defendant exhausted his appellate remedies prior to filing a postconviction petition. He did not sit back and do nothing after his conviction while three years went by \*\*\*. He obtained a final determination on his amended motion to reconsider sentence on October 28, 1996 [the date we affirmed], and filed his postconviction petition within six months of that date." *Ivy*, 313 Ill. App. 3d at 1016, 730 N.E.2d at 634.

■ We, therefore, hold that the correct rationale of *Ivy* is as set forth above. As the conceptual structure of the Act is to provide additional process to a defendant after a resolution of issues raised by the defendant on appeal, the failure to file a petition for postconviction relief beyond the time provided by the Act because the appellate process was not concluded can and should be found to be delay not caused by a defendant's culpable negligence.

■ In the present case, the appellate proceedings concluded some four months before the three-year period expired. After the supreme court denied his petition for leave to appeal, defendant did nothing for four months. Unlike the defendant in *Ivy*, defendant in the present case appears to have no valid excuse for missing the three-year deadline.

Defendant contends that interpreting "the date of conviction" as the date of sentencing could lead to an absurd result. He posits a hypothetical case in which the trial court granted a motion to withdraw a guilty plea and discovery thereafter took more than three years. If the initial sentence set the three-year "clock" to ticking, the time for filing a petition for postconviction relief would run before the defendant had a trial. We do not agree that under those circumstances the three years would start running from the date of the original sentence. Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) provides that after allowing a motion to withdraw a guilty plea, the trial court will "vacate the judgment." One cannot logically petition for relief from a vacated judgment. When the supreme court held that the "date of conviction" meant the date of the judgment, the court meant a judgment in force.

The judgment of January 7, 1998, remains in force. The three-year period expired on January 7, 2001. The six-month period expired on March 1, 2001. The former period was the first to expire, and therefore it was the governing period of limitation. See 725 ILCS 5/122—1(c) (West 2000). Section 122—1(c) required defendant to file his petition for postconviction relief no later than January 7, 2001. Because he filed it on February 6, 2001, the petition was untimely, and he had to "make a 'substantial showing' " that the untimeliness was not due to his culpable negligence "by alleging facts supporting such a claim." *People v. Boclair*, 312 Ill. App. 3d 346, 348, 726 N.E.2d 1166,

1169 (2000). He failed to fulfill that pleading requirement, although the trial court gave him an express opportunity to do so. He merely alleged his assumption—a mistaken assumption—that the six-month period governed his case. See *People v. Van Hee*, 305 Ill. App. 3d 333, 337, 712 N.E.2d 363, 367 (1999) (unfamiliarity with controlling period of limitations does not show a lack of culpable negligence for purposes of section 122—1(c)).

■ Defendant next argues that the trial court erred in summarily deciding that his petition was untimely. In defendant's view, the trial court should have confined itself to deciding whether he had pleaded the gist of a constitutional claim for relief. According to defendant, the trial court could not have found his petition untimely without making a finding of fact, and findings of fact are forbidden at the preliminary stage of the postconviction proceeding (see *People v. Coleman*, 183 Ill. 2d 366, 380-81, 701 N.E.2d 1063, 1071 (1998)).

Defendant must allege not only a constitutional violation, but, if he filed the petition late, he also must allege "facts showing that the delay was not due to his *** culpable negligence." 725 ILCS 5/122—1(c) (West 2000). When deciding, at the initial stage, whether the petition is nonfrivolous, the trial court can consider the information in its own files. *People v. Alexander*, 136 Ill. App. 3d 1047, 1052, 483 N.E.2d 1039, 1043 (1985). If, in light of court documents, the petition appears to be untimely, the defendant has the burden of pleading, on pain of dismissal, a lack of culpable negligence. In *People v. Harden*, 316 Ill. App. 3d 695, 697-98, 737 N.E.2d 306, 308 (2000), we held that "the trial court may dismiss a postconviction petition as untimely during its initial review, at least where *** the defendant has not alleged that the untimeliness is not due to his culpable negligence. Furthermore, no motion by the State is necessary."

Although the trial court gave him ample opportunity, defendant alleged no facts showing that the untimeliness of his petition was not due to his own culpable negligence. The trial court did not err in dismissing the petition.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent.

I disagree that the date of conviction, the date that final judgment was entered, is the same whether or not a posttrial motion is filed. A final judgment can be appealed, but the timely filing of a posttrial motion prevents the appeal of a judgment until the motion is resolved. 134 Ill. 2d R. 606(b). During the pendency of a posttrial motion, the judgment is interlocutory; the trial court has complete power to vacate or modify it during that time. See *People v. Talach*, 114 Ill. App. 3d 813, 818, 448 N.E.2d 638, 642 (1983). There is no final judgment until the posttrial motion is resolved.