THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE MACK, Defendant-Appellant.

First District (2nd Division)   No. 1—99—4213

Opinion filed December 10, 2002.

Michael J. Pelletier and Jennifer Bonjean, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Bette Plass, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BURKE delivered the opinion of the court:

Defendant Terrance Mack appeals from an order of the circuit court summarily dismissing his "Motion for Reconsideration of Denial of Postconviction Petition/Successive Petition for Relief" brought pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 1998)). On appeal, defendant contends that procedural bars, such as untimeliness and the fact that this is a successive post-conviction petition, should not bar his claim, that his petition set forth the gist of a constitutional claim based on newly discovered evidence showing his actual innocence, and that Public Act 83—942 (Pub. Act. 83—942, eff. November 23, 1983) violates the single subject rule of article IV, section 8, of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). For the reasons set forth below, we reverse and remand.

## STATEMENT OF FACTS

Defendant, along with Richard Terrell and Adrian Hennon, were charged with first degree murder, attempted first degree murder, armed violence, and aggravated battery following a drive-by shooting that resulted in the death of one individual and injury to a second. The facts of the incident are set out in our opinion affirming defendant's convictions and sentences on direct appeal (People v. Mack, 238 Ill. App. 3d 97, 606 N.E.2d 165 (1992)) and only those facts relevant to our decision in the instant case are recited here.

Defendant and Hennon were tried simultaneously by separate

juries. At defendant's trial, the State maintained that defendant had fired the shots, Terrell was in the backseat of the car, and Hennon was driving the car from which the shots were fired. Defendant maintained that he was not in the car at the time of the incident. Defendant called Hennon to testify on his behalf, but Hennon refused to testify, invoking his right to remain silent pursuant to the fifth amendment. Hennon had previously given an oral statement to the police following his arrest in which he stated that Terrance Hill was the shooter and that he had told the police that defendant was not the shooter. Defendant attempted to admit Hennon's oral statement at his trial, but the trial court denied his request, concluding that the statement was unreliable. Defendant testified on his own behalf and stated that he was not in the car at the time of the shooting and he only entered the car subsequent to the shooting, at which time the group was stopped and arrested.

Defendant was found guilty of all charges and, on November 3, 1989, he was sentenced to concurrent terms of 60 years' imprisonment for first degree murder, 30 years' imprisonment for armed violence, and 30 years' imprisonment for attempted murder. Hennon was also found guilty and sentenced to 40 years' imprisonment for first degree murder, 20 years' imprisonment for attempted murder, and 20 years' imprisonment for armed violence. Subsequent to defendant's trial, on January 12, 1990, Terrell pled guilty to first degree murder and attempted murder in exchange for a sentence of 22 years' imprisonment and 10 years' imprisonment for the respective offenses.

On direct appeal, defendant contended that the trial court erred in refusing to introduce Hennon's oral statement. We affirmed the trial court (*Mack*, 238 Ill. App. 3d at 103) and the supreme court denied defendant's petition for leave to appeal (*People v. Mack*, 148 Ill. 2d 649, 610 N.E.2d 1271 (1992)). Subsequently, defendant filed for *habeas corpus* relief in the federal district court, which the court denied (*Mack v. Peters*, No. 93 C 2053 (N.D. Ill. 1994)), and the Seventh Circuit Court of Appeals affirmed (*Mack v. Peters*, 80 F.3d 230 (7th Cir. 1996)).

On November 4, 1996, a postconviction petition was filed on behalf of defendant by attorney James Payonk, Jr. On December 6, the trial court summarily dismissed the petition on the bases that it was untimely and raised issues that were barred under principles of *res judicata* since they had been addressed on direct appeal. On July 1, 1997, counsel's subsequent motion to vacate the summary dismissal was denied and, on September 19, counsel filed a "Motion for Leave to Appeal." On February 17, 1999, defendant was advised by the clerk of the appellate court, in response to his request as to the status of his appeal, that no appeal had been filed on his behalf.

On October 12, 1999, defendant filed the *pro se* successive post-conviction petition currently before this court, alleging newly discovered evidence in the form of a March 9, 1998, affidavit of Terrell that demonstrated defendant's actual innocence because Terrell averred that defendant was not present at the time of the shooting. Defendant also alleged that his delay in filing this postconviction petition was not due to his culpable negligence but, rather, due to the failure of his attorneys to do things correctly and timely. Defendant further alleged that he was placed in segregation from December 1997 until June 1998. At this time, he was transferred to another facility where he remained in 24-hour isolation until December 1998. Defendant maintained that because of the segregation and the fact he did not receive adequate assistance from the prison's legal staff, the delay in filing this petition should not have been held against him. Specifically, defendant stated that he was denied access to the court by the failure of the Illinois Department of Corrections to provide him with the meaningful assistance of trained personnel. Lastly, with respect to procedural matters, defendant alleged that any tardiness in filing his postconviction petition would have been avoided if his counsel on direct appeal had exhausted state remedies before proceeding in the federal court. Based on the above, defendant asked the trial court to consider his successive petition.

The trial court summarily dismissed defendant's petition without stating any reason or basis for doing so and this appeal followed.

## ANALYSIS

### I. Propriety of Summary Dismissal

■ There are three levels or stages of review under the Act. *People v. Coleman*, 183 Ill. 2d 366, 379-82, 701 N.E.2d 1063 (1998). At the first stage, referred to as summary dismissal, the trial court reviews only the allegations of the postconviction petition, without any additional input from the State or the defendant. *People v. Scullark*, 325 Ill. App. 3d 876, 879, 759 N.E.2d 565 (2001). At this stage:

> "If *** the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order." 725 ILCS 5/122—2.1(a)(2) (West 1998).

Pursuant to the most recent authority of the Illinois Supreme Court, at this first stage of the proceedings, the trial court can only determine whether the petition is "frivolous or is patently without merit," and it may not dismiss the petition based upon untimeliness. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). The trial court is "foreclosed from engaging in any fact finding or any review of matters beyond the allegations of the petition." *Boclair*, 202 Ill. 2d at 99. Thus, the supreme

court held that "the circuit court may dismiss a post-conviction petition at the initial stage only if the petition is deemed to be 'frivolous or *** patently without merit,' not if it is untimely filed." *Boclair*, 202 Ill. 2d at 100. In so ruling, the *Boclair* court expressly overturned that portion of its prior decision in *People v. Wright*, 189 Ill. 2d 1, 723 N.E.2d 230 (1999), that could be read to the contrary, *i.e.*, that the trial court could dismiss a postconviction petition at the first stage based on untimeliness. *Boclair*, 202 Ill. 2d at 99.

Clearly, under *Boclair*, the trial court may not address timeliness at the first stage of postconviction proceedings. However, *Boclair* also dictates that the trial court may not address and resolve the issue of culpable negligence at the summary dismissal stage. Specifically, the *Boclair* court stated:

> "[W]hen a circuit court determines whether a defendant is culpably negligent in filing his petition late, the circuit court makes an assessment of the defendant's credibility. [Citation.] At this initial stage of the proceedings, however, the court should only determine whether the petition alleges constitutional deprivations. The process at the summary review stage measures a petition's substantive virtue rather than its procedural compliance. [Citation.] In determining an issue of credibility, the circuit court necessarily exceeds the boundary set by [the summary dismissal procedures]." *Boclair*, 202 Ill. 2d at 102.

See also *Coleman*, 183 Ill. 2d at 381; *People v. Caballero*, 126 Ill. 2d 248, 533 N.E.2d 1089 (1989); *People v. Wegner*, 40 Ill. 2d 28, 31-32, 237 N.E.2d 486 (1968) (all stating that the trial court may not make factual findings or credibility determinations at the summary dismissal stage). Thus, a petition raising lack of culpable negligence, like an untimely petition, must proceed to the second stage of postconviction proceedings since resolution of culpable negligence involves credibility determinations and matters of procedural compliance unless the trial court determines the petition is frivolous or patently without merit.[1] See, *e.g.*, *Boclair*, 202 Ill. 2d at 124 (McMorrow, J., specially concurring) ("According to the majority opinion, matters of 'procedural compliance' (202 Ill. 2d at 102) may *not* be considered in the initial

---

[1]Although *Boclair* espoused this rule, perhaps clearly and distinctly for the first time, there is no issue of retroactive application of the rule because it has been well established by case law precedent that factual determinations may not be made at the summary dismissal stage, as detailed above. But see *People v. Britt-El*, 206 Ill. 2d 331, 341 (2002) (holding that *Boclair* did not apply retroactively to the defendant's first postconviction petition where the proceedings on that petition had been entirely completed at the time *Boclair* was announced).

stage of post-conviction review" (emphasis added)); *Boclair*, 202 Ill. 2d at 140 (McMorrow, J., specially concurring) ("the fundamental holding of *Wright* is that the issues of timeliness and culpable negligence are an affirmative defense that can be raised *only* by the State"; the trial court may not raise them *sua sponte* (emphasis added)); *People v. Collins*, 202 Ill. 2d 59, 78 (2002) (McMorrow, J., dissenting upon denial of rehearing August 29, 2002), quoting *Boclair*, 202 Ill. 2d at 102 ("we concluded in *Boclair* that matters of timeliness must 'be left for the State to assert during the second stage of the post-conviction proceedings' ").

A conclusion that culpable negligence cannot be evaluated at the first stage is buttressed by the relevant standards of review. We review a trial court's summary dismissal of a postconviction petition *de novo. People v. Barrow*, 195 Ill. 2d 506, 519, 749 N.E.2d 892 (2001). Conversely, we review the trial court's decision on culpable negligence to determine whether the trial court's determination was manifestly erroneous. *People v. Caballero*, 179 Ill. 2d 205, 214, 688 N.E.2d 658 (1997); *People v. Van Hee*, 305 Ill. App. 3d 333, 336, 712 N.E.2d 363 (1999). A review of the trial court's decision based on the manifestly erroneous standard presupposes that the trial court made determinations of fact and credibility. See, *e.g., People v. Kolakowski*, 319 Ill. App. 3d 200, 212, 745 N.E.2d 62 (2001) (questions of fact are reviewed under a manifestly erroneous standard). *De novo* review presupposes that credibility and fact questions are not at issue. *People v. Jones*, 315 Ill. App. 3d 500, 505, 734 N.E.2d 207 (2000). Thus, the relevant standards of review demonstrate that no culpable negligence determination may be made at the first stage of postconviction proceedings.

■ Based on the above rationale, we therefore find that the trial court erred in summarily dismissing defendant's *pro se* postconviction petition, even though it was a second or successive petition. First, contrary to the direct mandates of the Act, the trial court failed to state its reasons or bases for dismissing defendant's petition. 725 ILCS 5/122—2.1(a)(2) (West 1998) (a trial court's order must specify the "conclusions of law it made in reaching its decision"). Thus, it is unclear on what basis the trial court dismissed defendant's petition, *i.e.*, whether lack of timeliness, that defendant failed to establish a lack of culpable negligence, that defendant's petition was an improper successive petition because defendant failed to establish cause and prejudice, or that it was frivolous and patently without merit. Since there is no exception in the statutory language for not including a basis for dismissal of a second or successive postconviction petition, this court will not read one into the Act.

Lastly, it would also appear improper for the trial court to address

defendant's claim of actual innocence at the summary dismissal stage. In *Boclair*, the court concluded that "to allow the circuit court to dismiss summarily post-conviction petitions for failure to present evidence of actual innocence in a timely manner could lead to a miscarriage of justice." *Boclair*, 202 Ill. 2d at 102. As such, "a defendant's claim of actual innocence cannot be reviewed when a circuit court enters a summary dismissal *sua sponte*, because the State does not have the opportunity to review the claim." *Boclair*, 202 Ill. 2d at 102.

Based on the foregoing, we reverse and remand this cause for further proceedings consistent with the mandates of the Act and supreme court precedent. We make no findings on the merits of defendant's claims with respect to lack of culpable negligence, the propriety of a successive petition, or defendant's claim of newly discovered evidence.

## II. Constitutionality of Public Act 83—942

■ Defendant also contends that Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983), which amended the Act, violates the single subject rule of article IV, section 8, of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). In *Boclair*, the Illinois Supreme Court held that Public Act 83—942 does not violate the single subject rule. *Boclair*, 202 Ill. 2d at 108. Accordingly, defendant's contention is without merit.

## CONCLUSION

For the reasons stated, we reverse and remand this cause to the circuit court of Cook County for further proceedings.

Reversed and remanded.

GORDON and McBRIDE, JJ., concur.