NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0276n.06
Filed: April 24, 2006

No. 03-2422

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| **GARY R. WESLEY,** | ) | |
| | ) | |
| **Petitioner-Appellant** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **BRUCE CURTIS,** | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| **Respondents-Appellee** | ) | |
| | ) | |
| | ) | |

**BEFORE:  MERRITT, MARTIN, and McKEAGUE, Circuit Judges**

**MERRITT, Circuit Judge.**  This is a Michigan *pro se* state habeas corpus case submitted to us on the briefs.  The State asserts multiple defenses, including procedural default in the state courts, the statute of limitations and waiver, as well as the failure of the petitioner, Wesley, to present a viable claim on the merits.  The District Court recited the long, convoluted history of this case from Wesley's conviction for multiple crimes in the state trial court of Michigan in May 1984.  The District Court has granted a certificate of appealability on a single issue arising from the fact that the state trial court has never ruled on Wesley's motion for a new trial after his conviction and Wesley claims that he has been denied his right to appeal.

The District Court ruled on the merits on one issue presented by Wesley — an issue claiming the denial of appellate counsel — as follows:

The record reflects that the trial court informed Petitioner of his right to appeal at the time of sentencing. At that time, the Court also appointed counsel to represent Petitioner on appeal. On November 26, 1984, Petitioner filed a letter with the trial court expressing his desire to represent himself on appeal. Petitioner's attorney filed a Motion to Withdraw as Counsel citing Petitioner's desire to proceed *pro se*, which the trial court granted on January 30, 1995. [The date here should apparently be February 4, 1985. *See* Joint App. p. 139.] *People v. Wesley*, No. 83-61346 & 83-61447 (Jan. 30, 1995). Further, in July 1996, Petitioner filed a request for information with the trial court in which he stated that he "refused all state appointed attorneys." [This date should apparently be July 21, 1986. *See* Joint App. p. 140.] *See* Exhibit 4 to Petitioner's "Exhibits Not Included Within 'Index of Record,'" filed on December 9, 2002.

Petitioner has failed to show that his waiver of an appellate attorney was not voluntarily and knowingly made. Consequently, he also has failed to show that he was denied his appeal of right. Based upon the foregoing, the Court concludes that the trial court's decision denying Petitioner's claims did not "unreasonably appl[y] clearly established [federal] law," nor was the decision "based on an unreasonable determination of the facts in light of the evidence presented." *Harris*, 212 F.3d at 943.

The District Court then issued a certificate of appealability on a different issue, as follows:

## A. Right to Appeal

Petitioner claims that the Court erroneously based his claim of being denied the right to appeal on a failure to appoint counsel. Petitioner argues that the basis of this claim was that he had been deprived of due process by the state trial court's failure to rule upon a motion for new trial, not that he had been deprived of his right to appellate counsel. Therefore, Petitioner argues, a reasonable jurist would find the Court's assessment of the Petitioner's constitutional claim debatable. Since it does not appear as though the trial court has ever addressed Petitioner's motion for new trial, the Court finds that Petitioner has met the threshold for issuing a certificate of appealability on this issue.

Furthermore, since the Court has granted the Petitioner's request, at least with respect to this issue, to issue a certificate of appealability, the Court finds that Petitioner's appeal has been taken in good faith and, therefore, that Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit should be GRANTED. *See* Fed. R. App. P. 24.

The District Court implicitly ruled on this issue when it dismissed the habeas petition. Unlike the ruling on appellate counsel, however, the record does not reflect that the District Court has explained its ruling on this issue on which it has granted the COA.

In the claim on which the COA has been granted, Wesley essentially contends he has been denied his right to appeal his convictions as of right because the trial court's undisputed failure to rule on his motion for new trial, filed on July 31, 1984, has forestalled the running of the period within which he could file his notice of appeal. Because the motion for new trial is still pending, he contends, any filing of a notice of appeal would have been premature.

Our view on this issue is that the motion for a new trial filed in 1984 is not now — 21 years later — "still pending." Where no ruling has been made on a motion for a prolonged period of time, the motion is presumed to have been waived or abandoned absent circumstances indicating otherwise. *See* 60 C.J.S. Motions and Orders § 42; *People v. Kowalski*, 584 N.W.2d 613, 622-23 (Mich. App. 1998) (C.J. Corrigan concurring); *People v. Van Hee*, 712 N.E.2d 363, 365 (Ill. App. 1999). This case presents no such circumstances.

In fact, Wesley concedes that even he was unaware of the existence of the motion for new trial until sometime after 1991. Appellant's Br. p. 11. The *pro forma* motion had been prepared and filed by his appointed trial counsel ten days after Wesley's sentencing — the very attorney whom Wesley claimed had afforded him ineffective assistance of counsel, and who had, at Wesley's instance, been allowed to withdraw as appellate counsel on January 30, 1985. This concession severely undercuts Wesley's implied argument that the pendency of the motion for new trial prevented him from timely filing a notice of appeal.

-3-

Moreover, Wesley did not even try to bring the motion for new trial to the state courts' attention in post-conviction proceedings until 1993. By then, the motion must be deemed to have been abandoned. It follows that Wesley, having failed to prosecute the motion for new trial, and having failed to demonstrate that such failure was due to circumstances other than culpable neglect, effectively waived his right to appeal his convictions and sentences. The proceedings in the state courts can only be interpreted to mean that when Wesley discharged his lawyer and decided to act *pro se* he failed to go forward with his case and he, therefore, abandoned or waived his new trial motion as well as his state court appeal. A defendant does not have to go forward with his case after conviction by motion for a new trial or appeal. When a convicted defendant abandons further review, the state court does not act unconstitutionally when it permits him to cease further litigation. Although there may be other reasons to deny this claim, *e.g.*, procedural default, or the statute of limitations, or the failure to meet the AEDPA standard of review, 28 U.S.C. § 2254(d), we choose to deny the claim on the merits because the state courts did not deny to Wesley any due process right when it did not hear an appeal from his conviction.

Accordingly, the judgment of the District Court is AFFIRMED.