Rule 23 order filed
April 1, 2011
Motion to publish granted
April 29, 2011.

NO. 5-09-0385

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 08-CF-182 |
| | ) | |
| KENNETH W. FELDMAN, | ) | Honorable |
| | ) | John P. Coady, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SPOMER delivered the judgment of the court, with opinion.
Justices Donovan and Wexstten concurred in the judgment and opinion.

**O P I N I O N**

The defendant, Kenneth W. Feldman, pleaded guilty to unlawful possession of a controlled substance (hydrocodone) and was sentenced to one year of conditional discharge. In this direct appeal, he contends he should have been allowed to withdraw his guilty plea because "he had a defense worthy of consideration by a jury." For the reasons that follow, we affirm his conviction and sentence.

FACTS

On November 14, 2008, the defendant entered a negotiated plea of guilty to a charge of unlawful possession of a controlled substance (hydrocodone). The factual basis for the plea, recited by the State, was, *inter alia*, that on October 16, 2008, following a search of the defendant's vehicle by a sheriff's deputy at the Coalfield Rest Area, a plastic bag containing "pills and substances" was discovered, that some of the pills were identified as hydrocontin bitrate pills, while others were suspected of being codeine phosphate pills, and that the defendant "did not have prescription [*sic*] for any of the substances that were found."

1

Immediately after this factual basis, including the quote directly above, was presented, the defendant's attorney was asked if he objected to the factual basis. He stated that he did not. The defendant was then asked if he objected to the factual basis. He stated that he did not, and the court accepted the factual basis, gave the defendant a final opportunity to change his mind about pleading guilty, and then accepted the defendant's guilty plea and sentenced him as described above.

On December 11, 2008, the defendant filed a motion to withdraw his guilty plea, claiming for the first time–and in direct contravention of the factual basis to which he had stipulated–as follows: "[The defendant] now believes he can verify he had a prescription for the pills found in his possession." He also claimed that he only pleaded guilty "to obtain his release from jail." On March 9, 2009, he filed an amended motion to withdraw his guilty plea, in which he claimed he had "shown proof to counsel that he had a prescription" for some of the drugs in his possession. On May 22, 2009, a hearing was held on the amended motion. The defendant testified that he had a prescription for the hydrocodone (commonly prescribed as Vicodin, a combination of hydrocodone and acetaminophen), and he produced a workers' compensation report purportedly written by a physician on July 31, 2008, about an injury to the defendant's finger. The report contained the statement that the defendant "continues to complain of pain and is given a refill on his Vicodin." On cross-examination, the defendant conceded that he was aware of the alleged prescription on the date he stipulated to the factual basis presented by the State and pleaded guilty, but he claimed to have done so because he "was under the pressures of being incarcerated and being from out of state." At the conclusion of the hearing, the trial judge noted that he had reviewed the transcript of the guilty plea hearing, believed he had thoroughly admonished the defendant regarding the rights the defendant was giving up and the other consequences of the plea, and did not believe that the evidence presented at the hearing on the motion to withdraw was

2

sufficient for the defendant to prevail on a "claim of actual innocence." Accordingly, the judge denied the defendant's motion to withdraw his guilty plea.

On June 17, 2009, the defendant filed a motion to reconsider the denial of the motion to withdraw his guilty plea. On June 29, 2009, a hearing was held on the motion, at which the defendant presented what was purported to be an expense report from a Kmart Pharmacy in West Allis, Wisconsin, showing that the defendant had prescriptions for "HYDROCO/APAP" filled on five occasions, the last being July 31, 2008. The defendant did not present any actual prescriptions, nor did he present an affidavit, or other verified information, from a physician showing that he possessed valid prescriptions for Vicodin. Finding both that the defendant had been aware of the alleged prescription at the time he pleaded guilty and that he had not sufficiently proven the existence of a valid prescription that correlated to the pills found in his possession at the time he was arrested, the trial judge denied the defendant's motion to reconsider.

On July 17, 2009, the defendant filed a notice of appeal. This court asked the defendant to brief the issue of the timeliness of the notice, which we address below.

ANALYSIS

On appeal, the defendant contends that the trial judge erred in denying his request to withdraw his guilty plea, because the defendant presented "substantial evidence" that he had a prescription for Vicodin. He also contends that the trial judge employed the wrong standard in ruling on his motion and that this court does have jurisdiction to consider his appeal. We begin our analysis by considering the issue of our jurisdiction. As the defendant correctly notes, the concern expressed by this court was whether a defendant could file a motion to reconsider the denial of a motion to withdraw a guilty plea, because if that filing were not permissible, then the notice of appeal in this case would be untimely, because it was filed within 30 days of the denial of the motion to reconsider but not within 30 days of the

3

denial of the motion to withdraw the guilty plea. After considering the arguments and authority presented by the parties, we conclude that we do have jurisdiction to consider this appeal. As the defendant points out, because a defendant who pleads guilty under circumstances such as those in the case at bar may not file an appeal without first filing a motion to withdraw the guilty plea, it is the order denying that motion that is the final judgment. Accordingly, a motion to reconsider that denial does not run afoul of the general rule against successive postjudgment motions pronounced in *People v. Miraglia*, 323 Ill. App. 3d 199 (2001), and *People v. Scruggs*, 161 Ill. App. 3d 468 (1987), and in fact provides the trial court with the opportunity to correct any errors that might have resulted from the denial of the original motion to withdraw the guilty plea. Because the notice of appeal in this case was timely filed within 30 days of the denial of the motion to reconsider, we find we have jurisdiction to consider this appeal. See, *e.g.*, *People v. Heil*, 71 Ill. 2d 458, 461 (1978) (the trial court should have the opportunity to reconsider final appealable judgments and orders within 30 days of their entry).

We now turn to the question of whether the trial judge erred in declining to allow the defendant to withdraw his guilty plea. We begin by noting that there is no absolute right, on the part of a defendant, to withdraw a guilty plea. *People v. Dougherty*, 394 Ill. App. 3d 134, 140 (2009). To the contrary, the burden is on the defendant to demonstrate to the trial court "the necessity of withdrawing the plea." *Dougherty*, 394 Ill. App. 3d at 140. Leave to withdraw a guilty plea should be granted only to correct a manifest injustice under the facts involved, such as "if it appears that (1) the plea was entered on a misapprehension of the facts or the law, (2) there is doubt as to the guilt of the accused, (3) the accused has a meritorious defense, or (4) the ends of justice will be better served by submitting the case to a jury." *Dougherty*, 394 Ill. App. 3d at 140. We will only disturb a trial court's denial of a motion to withdraw a guilty plea if we conclude that the court's decision was an abuse of

4

discretion. *Dougherty*, 394 Ill. App. 3d at 140.

In the case at bar, the defendant does not claim that his plea was entered on a misapprehension of the facts or the law. To the contrary, he admitted at the hearing on his motion to withdraw his guilty plea that he was aware of his alleged prescription at the time he stood in open court and stipulated to a directly contradictory fact: that he did not have valid prescriptions for any of the drugs found in his possession. Moreover, he could not prevail on a claim that he entered his plea under a misapprehension of the law, because the record clearly shows that the defendant was accurately, and meticulously, admonished about the rights he was giving up and about the consequences of his plea. Instead, on appeal the defendant claims only that he should be allowed to withdraw his guilty plea because he has provided "substantial evidence" that he has "a defense worthy of consideration by a jury." We do not agree. A plea of guilty "constitutes an admission of every fact alleged in an indictment," as long as each fact admitted is "an ingredient of the offense charged." *People v. Henderson*, 95 Ill. App. 3d 291, 296 (1981). A judicial admission is binding upon the party making it and may not be controverted by other evidence. *Renshaw v. Black*, 299 Ill. App. 3d 412, 418 (1998). If the fact admitted to is a concrete fact within the peculiar knowledge of the individual who admits it, an opposing party is entitled to hold the individual to the fact, and the individual may not have the benefit of other evidence that might tend to falsify the admission unless the court finds that the individual has provided a reasonable explanation of it due to mistake. *Huber v. Black & White Cab Co.*, 18 Ill. App. 2d 186, 190-91 (1958). As noted above, the defendant does not claim there was a factual mistake. He claims, in essence, that at the time he pleaded guilty, he was aware of his purported prescription but nevertheless chose to deliberately mislead the court by stipulating to facts that he now claims are not true and that he now wishes to attempt to controvert. We see no reason to allow him to do this. A judicial admission operates as a waiver of proof of

a factual issue (see, *e.g.*, *Herman v. Power Maintenance & Constructors, LLC*, 388 Ill. App. 3d 352, 361 (2009)), and we find that in this case, the defendant is estopped, by his waiver, from contesting the fact that he had no valid prescription for the drugs found in his possession. Accordingly, the trial judge did not err in declining to allow the defendant to withdraw his guilty plea.

Moreover, even if we did not find the defendant to be bound by the facts to which he knowingly and willfully stipulated before the trial court, we would not conclude that he produced sufficient evidence to demonstrate the necessity of allowing him to withdraw his guilty plea. As the State points out, the defendant had more than eight months between the date of his arrest and the date of the hearing on his motion to reconsider the denial of his motion to withdraw his guilty plea during which he could have produced copies of valid prescriptions for the drugs he was convicted of possessing or an affidavit, or other verified information, from a physician showing that he possessed valid prescriptions. Instead, he produced a workers' compensation report purportedly written by a physician on July 31, 2008, which contained the statement that the defendant "continues to complain of pain and is given a refill on his Vicodin" and a purported expense report from a Kmart Pharmacy in West Allis, Wisconsin, showing that the defendant had prescriptions for "HYDROCO/APAP" filled on five occasions, the last being July 31, 2008. We do not agree with the defendant that these documents provide "substantial evidence" that the defendant had a valid prescription for Vicodin. We note that neither of these documents is necessarily tied to the pills found in the possession of the defendant and that neither demonstrates the necessity for allowing the defendant to withdraw his guilty plea. The trial judge did not abuse his discretion in denying the motion to withdraw the guilty plea.

Nor are we persuaded, with regard to our alternative grounds for affirming the trial court, that a different result is required simply because the trial court, at the invitation of the

6

defendant, employed the wrong legal standard in evaluating the defendant's motion. Although it is true, as the defendant suggests on appeal, that the trial court should have viewed the defendant's evidence in terms of whether it demonstrated the necessity for allowing the defendant to withdraw his plea because he had a meritorious defense, rather than in terms of whether it proved actual innocence, we find, for the reasons discussed above, that under either standard the defendant failed to meet his burden.

## CONCLUSION

For the foregoing reasons, we affirm the defendant's conviction and sentence.

Affirmed.

NO. 5-09-0385

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 08-CF-182 |
| | ) | |
| KENNETH W. FELDMAN, | ) | Honorable |
| | ) | John P. Coady, |
| Defendant-Appellant. | ) | Judge, presiding. |

| | |
|---|---|
| **Rule 23 Order Filed**: | April 1, 2011 |
| **Motion to Publish Granted**: | April 29, 2011 |
| **Opinion Filed**: | April 29, 2011 |

| | |
|---|---|
| **Justices**: | Honorable Stephen L. Spomer, J. |
| | Honorable James K. Donovan, J., and |
| | Honorable James M. Wexstten, J., |
| | Concur |

| | |
|---|---|
| **Attorneys for Appellant** | Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender, Dan W. Evers, Assistant Appellate Defender, Office of the State Appellate Defender, 909 Water Tower Circle, Mt. Vernon, IL 62864 |

| | |
|---|---|
| **Attorneys for Appellee** | Hon. Chris Motoush, State's Attorney, Montgomery County Courthouse, 120 N. Main Street, P.O. Box C, Hillsboro, IL 62049; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Kevin D. Sweeney, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Fifth District Office, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864 |