NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200147-U

NO. 4-20-0147

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 15, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ITASSA WALLS, | ) | No. 03CF1233 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred by striking defendant's collateral proceedings and directing additional postplea proceedings pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb.1, 2005).

¶ 2         In July 2005, defendant, Itassa Walls, pleaded guilty to two counts of second degree murder (720 ILCS 5/9-2 (West 2002)) and one count of aggravated battery with a firearm (*id.* § 12-4.2), and the trial court sentenced him to three consecutive 15-year prison terms. He filed a timely motion to reconsider his sentences, which the court denied in October 2005. After that denial, defendant's counsel filed a motion for rehearing of defendant's motion to reconsider on the basis that counsel did not comply with the attorney certification requirements of Illinois Supreme Court Rule 604(d) (eff. Feb. 1, 2005). The motion for rehearing was never addressed and, in 2010, defendant initiated collateral proceedings, during which he challenged his guilty pleas and

sentences.

¶ 3        During the collateral proceedings, the trial court "clarifie[d]" the status of the case, stating defendant's original motion to reconsider remained "pending and unresolved *** due to the lack of a [Rule 604(d)] [c]ertificate of [c]ompliance." It struck all filings associated with defendant's collateral proceedings and directed defendant's counsel to comply with Rule 604(d). Thereafter, defendant filed a third amended motion to reconsider his sentence and his counsel filed a Rule 604(d) certificate. Following a hearing, the court denied defendant's third amended motion and he appeals, arguing his sentences were excessive, a violation of the proportionate penalties clause, improperly ordered to run consecutively, and impermissibly disparate to his codefendant's sentences. We find the court erred by striking the parties' filings in connection with defendant's collateral proceedings and directing additional postplea proceedings. Accordingly, we vacate the trial court's judgment and remand for further proceedings.

¶ 4                                      I. BACKGROUND

¶ 5        In December 2003, the State charged defendant with six counts of first degree murder (*id.* § 9-1(a)(1), (a)(2)), one count of aggravated battery with a firearm (*id.* § 12-4.2), and one count of aggravated discharge of a firearm (*id.* § 24-1.2). The charges were based on allegations that defendant shot and killed Kendrix Morgan and Clarence Perkins and shot and injured Michael Cummings.

¶ 6        In July 2005, the State additionally charged defendant with two counts of second degree murder (*id.* § 9-2). Defendant pleaded guilty to both of those counts, as well as aggravated battery with a firearm. His plea agreement with the State contained no agreement with respect to sentencing and in August 2005, the trial court sentenced defendant to three consecutive 15-year prison terms. (Although the record reflects defendant also pleaded guilty to aggravated discharge

- 2 -

of a firearm, the court ultimately entered no judgment of conviction, and imposed no sentence, for that offense.)

¶ 7 In September 2005, defendant filed a motion to reconsider his sentences, arguing, in part, that they were excessive, disregarded his potential for rehabilitation, and the trial court failed to give adequate weight to mitigating factors. On October 14, 2005, the court conducted a hearing and denied defendant's motion. On November 14, 2005, defendant filed a "Motion for Rehearing of Motion to Reconsider Sentence," asserting Illinois Supreme Court Rule 604(d) (eff. Feb. 1, 2005) required his counsel to review transcripts of his guilty plea hearing in connection with his motion to reconsider his sentence and file a certificate stating his compliance with the rule. Defendant maintained that at the time of the hearing on his motion to reconsider, his counsel "had not had an opportunity to review such transcript." Defendant asked the court to grant a rehearing of his motion to reconsider his sentence. The record fails to reflect the filing of a Rule 604(d) certificate at the time of either postplea motion.

¶ 8 Following defendant's filing in November 2005 of his motion for rehearing, no further proceedings were conducted in the case until April 2010, when defendant initiated collateral proceedings through the *pro se* filing of a "Motion to Vacate or Redress a Void Sentence," citing section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)). In June 2010, the trial court appointed attorney Mark Wycoff to represent defendant, and in July 2010, the State filed a motion to dismiss defendant's *pro se* filing. In November 2010, the court entered an order, granting a motion by Wycoff to withdraw from the case and appointing attorney Mike Costello to represent defendant. The court's docket entry indicates copies of its order were mailed to both Wycoff and Costello.

¶ 9 The record thereafter shows lengthy periods of inaction in the case. In May 2011,

several months after attorney Costello was appointed to represent defendant, a second docket entry indicates the court's November 2010 order appointing new counsel was mailed to Costello and defendant. Then, in June 2012, over a year later, a handwritten letter from defendant was filed, wherein he questioned the length of time the matter had been pending and asserted he had attempted to contact Costello on numerous occasions but received no response. More than two and a half years later, in February 2015, Costello filed a notice of hearing for "[s]tatus," which was set for March 2015. At that hearing and a subsequent one, the matter was continued. In August 2015, the court granted defendant's motion for leave to file an amended motion within 60 days. However, no amended motion was filed within 60 days and, in December 2015, the matter was "continued generally."

¶ 10      In August 2017, a telephone conference was held, and the matter was continued. In December 2017, the trial court again granted defendant 60 days to file an amended motion and the matter was continued to March 2018. The March 2018 setting was later canceled, and a docket entry states "[p]arties to reset." The next action in the case was defendant's filing of an "Amended Petition to Vacate or Redress a Void Sentence" filed in February 2019. In his amended petition, defendant cited section 2-1401 of the Code but also cited to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2018)), alleging he suffered a substantial deprivation of constitutional rights. In April 2019, defendant filed a second amended petition. Again, his filing suggested he was seeking relief under both section 2-1401 of the Code and the Act. Defendant challenged his sentences as void and excessive, alleged his guilty pleas were the result of ineffective assistance of counsel, and argued he was denied due process of law because the State failed to give him the benefit of his bargain in connection with his plea agreement.

¶ 11      In July 2019, the State filed motions for clarification and to dismiss. It sought

clarification regarding whether defendant was proceeding under section 2-1401 of the Code or the Act, noting his previous filings referenced both types of relief. Alternatively, the State sought dismissal on the basis that defendant's second amended petition did not comply with the requirements of either section 2-1401 of the Code or the Act.

¶ 12 On July 11, 2019, the trial court conducted a hearing in the matter. It noted it had "undertaken some extensive analysis of the docket in [defendant's] case and the pleadings that ha[d] been filed." The court concluded the case was "still at the motion to reconsider sentencing stage because a [Rule 604(d)] certificate was never filed by [defendant's] trial counsel." According to the court, new postplea proceedings were required that complied with Rule 604(d) and defendant's "motions involving section [2-]1401 to vacate a prior [j]udgment" were "meaningless." It directed defendant's counsel to comply with Rule 604(d) by properly consulting with defendant regarding his contentions of error, reviewing the "plea proceedings," and filing "any amended motions." The court made the following docket entry, memorializing its decision:

> "[The] Court clarifies the status of this case for the parties. The Court finds that Defendant's original Motion to Reconsider sentence remains pending and unresolved at the trial level due to the lack of a Certificate of Compliance filed pursuant to Supreme Court Rule 604. All [postplea] motions filed pursuant to [section 2-1401] are stricken as a result of the Court's clarification of the status of these proceedings as set forth herein. Consequently, counsel for Defendant is directed to comply with all provisions of Rule 604 and certify that all requirements have been completed before further substantive hearing is to be held on the motion. The required consultation with the Defendant, the review of necessary transcripts, and the filing of any amended motion shall be completed within 28 days."

¶ 13    Following the trial court's "clarification," defendant ultimately filed a third amended motion to reconsider his sentence in February 2020. His claims of error included allegations that his sentence for aggravated battery with a firearm was "illegal" and "void," the court improperly ordered his sentences to run consecutively, the court erroneously imposed the same sentences for him and his codefendant, his sentences were excessive and disregarded his potential for rehabilitation, and the court failed to give adequate weight to mitigating factors. The record reflects Costello filed Rule 604(d) certificates of compliance on July 30, 2019, October 23, 2019, October 25, 2019, and March 4, 2020. Also on March 4, 2020, the court conducted a hearing on defendant's third amended motion to reconsider and denied the motion.

¶ 14    This appeal followed.

¶ 15                    II. ANALYSIS

¶ 16    On appeal, defendant raises several challenges to his sentence of three consecutive 15-year prison terms. In particular, he contends his sentences were excessive, a violation of the proportionate penalties clause, improperly ordered to run consecutively, and impermissibly disparate to his codefendant's sentences. However, given the procedural history of this case, we find we are precluded from considering the merits of a direct appeal from the underlying guilty plea proceedings. For the reasons that follow, we hold the trial court erred in determining otherwise during the collateral proceedings initiated by defendant, striking those collateral proceedings, and directing additional postplea proceedings pursuant to Rule 604(d).

¶ 17    Initially, the time within which defendant could file a direct appeal from his convictions and sentences expired 30 days after the trial court's October 2005 denial of defendant's September 2005 motion to reconsider his sentences. We note our subject-matter jurisdiction over a direct appeal by defendant "depends on the filing of a notice of appeal within the time prescribed

by" the supreme court rules. *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 15, 90 N.E.3d 1043. Under Illinois Supreme Court Rule 606(b) (eff. Dec. 1, 1999), a defendant's "notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." "In a criminal case, the entry of a sentence constitutes the final judgment in the case." *People v. Salem*, 2016 IL 118693, ¶ 12, 47 N.E.3d 997.

¶ 18    Further, Rule 604(d) "governs postjudgment motions *** where the defendant has pleaded guilty." *People v. Flowers*, 208 Ill. 2d 291, 303, 802 N.E.2d 1174, 1181 (2003). "With Rule 604(d) [citation], the defendant must file a postjudgment motion and the correct type of motion within 30 days of sentencing to preserve appellate review." *People v. Haldorson*, 395 Ill. App. 3d 980, 984, 918 N.E.2d 1280, 1283 (2009). Relevant to defendant's case, Rule 604(d) provides as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> * * *
>
> The motion shall be heard promptly ***. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."

- 7 -

Ill. S. Ct. R. 604(d) (eff. Feb. 1, 2005).

¶ 19    Here, the trial court sentenced defendant on August 31, 2005. On September 30, 2005, defendant filed a timely postjudgment motion—a motion to reconsider his sentence—under Rule 604(d). On October 14, 2005, the court denied defendant's motion. According to Rule 606(b), defendant then had 30 days within which he could file a notice of appeal. Defendant did not file a notice of appeal within 30 days and, therefore, this court lacks subject matter jurisdiction over any direct appeal from the underlying plea proceedings.

¶ 20    Further, contrary to the trial court's finding below, postplea counsel's noncompliance with Rule 604(d) did not cause the proceedings on defendant's motion to reconsider to remain "pending and unresolved." One of Rule 604(d)'s requirements is the filing of a certificate by the defendant's attorney, which confirms that the attorney has consulted with the defendant, reviewed the underlying proceedings, and made necessary amendments to the defendant's postjudgment motion. Ill. S. Ct. R. 604(d) (eff. Feb. 1, 2005). However, the requirements set forth in Rule 604(d) are not jurisdictional. *Flowers*, 208 Ill. 2d at 301 (stating that noncompliance with Rule 604(d)'s requirements will preclude consideration of the merits of an appeal but "does not deprive the appellate court of jurisdiction over a subsequent appeal").

¶ 21    Thus, although it is true that a trial court "proceeds in error" by proceeding with a hearing on a postplea motion without confirming that counsel filed a Rule 604(d) certificate, the lack of a certificate does not render the court's ruling on the postplea motion void. *People v. Petty*, 366 Ill. App. 3d 1170, 1177, 853 N.E.2d 429, 435 (2006); see also *People v. Carroll*, 375 Ill. App. 3d 162, 166, 872 N.E.2d 1088, 1092 (2007) ("[T]he failure of counsel to file a Rule 604(d) certificate does not deprive the trial court of the authority to proceed on a motion to withdraw a guilty plea."). Also, "[a] timely filed notice of appeal is the only jurisdictional step required to

confer jurisdiction upon the appellate court." *People v. Abdullah*, 2019 IL 123492, ¶ 21, 160 N.E.3d 833.

¶ 22    In this case, the trial court proceeded in error by ruling on defendant's motion to reconsider in the absence of a Rule 604(d) certificate. However, the lack of a certificate did not render the court's ruling void or mean that the postplea proceedings were still pending. Additionally, the lack of a certificate would also not have deprived this court of jurisdiction had defendant filed a timely notice of appeal. We note that if an appeal had been taken, the appropriate remedy would have been to remand for the filing of a Rule 604(d) certificate, the opportunity to file a new postplea motion, and a new motion hearing. *People v. Lindsay*, 239 Ill. 2d 522, 531, 942 N.E.2d 1268, 1274 (2011).

¶ 23    Additionally, although not specifically referenced by the trial court, we find defendant's November 2005 motion for rehearing of his motion to reconsider is also not a basis for finding the postplea proceedings remained pending. "When a court denies a postjudgment motion, the final judgment remains intact." *People v. Johnson*, 2017 IL App (4th) 160853, ¶ 33, 87 N.E.3d 1062. "In such a case, further motions for reconsideration may be filed within 30 days of the denial, but they will not stay the time for filing a notice of appeal." (Internal quotation marks omitted.) *Id.*; see also *People v. Miraglia*, 323 Ill. App. 3d 199, 205, 753 N.E.2d 398, 403 (2001) ("[A] trial court cannot permit a defendant to file a postjudgment motion directed against the final judgment, rule on it, and then rule on a motion to reconsider the denial of that posttrial motion and thereby extend its jurisdiction and the time for appeal.").

¶ 24    Here, as stated, on October 14, 2005, the trial court denied defendant's timely filed motion to reconsider his sentence. On November 14, 2005, defendant filed a motion for rehearing of his motion to reconsider. Although the November 2005 motion was filed while the trial court

still had jurisdiction over defendant's case, that second postjudgment motion did not, itself, toll the 30-day period within which defendant was permitted to appeal.

¶ 25    Moreover, "[a] party filing a motion has the responsibility to bring it to the trial court's attention." *People v. Kelley*, 237 Ill. App. 3d 829, 831, 604 N.E.2d 1051, 1053 (1992). "[W]hen no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise." *People v. Van Hee*, 305 Ill. App. 3d 333, 335, 712 N.E.2d 363, 365 (1999).

¶ 26    In *Van Hee*, the defendant pleaded guilty to aggravated criminal sexual assault and was sentenced to 20 years' imprisonment. *Id.* at 334. He filed a timely motion to reconsider his sentence, but no evidence in the record indicated it was addressed or ruled upon by the trial court. *Id.* Over three years later, the defendant filed a motion for an extension of time to file a postconviction petition, which the trial court denied. *Id.* The defendant appealed, arguing that he was "not 'time-barred' from pursuing a petition for postconviction relief because there was no final judgment in [his] case" and his sentence was not final until the trial court ruled on his motion to reconsider. *Id.* The Second District disagreed, stating, in part, as follows:

> "There is no evidence in the record establishing that the trial court ruled on the motion to reconsider. Absent evidence to the contrary, we may presume that [the] defendant abandoned his motion. The failure to obtain a ruling on a motion does not transform a final order into a nonfinal order. Because the motion was not adjudicated, the *** order entering [the] defendant's guilty plea and sentencing him was a final judgment and marked the beginning of the limitations period for filing a postconviction petition." *Id.* at 335.

¶ 27    In this case, the record similarly contains nothing showing the court ruled upon

defendant's November 2005 motion for rehearing. Additionally, after the filing of that motion, nothing further occurred in the case until April 2010, when defendant initiated collateral proceedings. Thus, not only did defendant's November 2005 motion not toll the time for taking an appeal, under the facts of this case, we may also presume that defendant abandoned the motion.

¶ 28 Given the procedural history of this case, a direct appeal from defendant's guilty pleas and sentence is untimely. The trial court erred in finding the lack of compliance with Rule 604(d) rendered the proceedings on defendant's motion to reconsider nonfinal and pending over 14 years later. It further lacked authority to direct additional proceedings under Rule 604(d). We vacate the court's order striking the collateral proceedings and remand for further proceedings on those collateral issues. In doing so, we note the collateral proceedings below were inexcusably protracted and marked by lengthy periods of inaction. The same should not occur on remand.

¶ 29 Finally, we note that on appeal the State has filed a motion to strike portions of defendant's brief, which we ordered taken with the case. However, because we do not reach the merits of defendant's appeal, we also find it unnecessary to reach the merits of the State's motion.

¶ 30 III. CONCLUSION

¶ 31 For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 32 Judgment vacated and cause remanded.