**2025 IL 130082**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

(Docket No. 130082)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
ROBERT D. DYAS, Appellee.

*Opinion filed May 22, 2025.*

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Cunningham, and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant, Robert D. Dyas, pleaded guilty to unlawful possession with intent to deliver more than 900 grams of methamphetamine (720 ILCS 646/55(a)(1), (a)(2)(F) (West 2016)). He later moved to withdraw the plea. The Bureau County circuit court denied the motion, and defendant filed a motion to reconsider. While that motion was pending, he filed a notice of appeal. He then moved to dismiss the

appeal as premature so that the case could be remanded to the circuit court to consider his motion to reconsider. The appellate court granted the motion and dismissed the appeal. The trial court denied the motion to reconsider, and defendant appealed. The appellate court held that the trial court had failed to comply with Rule 401(a) (Ill. S. Ct. R. 401(a) (eff. July 1, 1984)) when accepting defendant's waiver of counsel for postplea proceedings. 2023 IL App (3d) 220112, ¶¶ 17-21. Accordingly, the appellate court vacated the trial court's denial of defendant's motion to withdraw his guilty plea and remanded the cause for new postplea proceedings. *Id.* ¶ 22. We allowed the State's petition for leave to appeal. Because the appellate court lacked jurisdiction, we vacate its decision and affirm the circuit court's judgment.

¶ 2                                                    BACKGROUND

¶ 3        On July 28, 2017, the State charged defendant with one count of possessing with intent to deliver more than 900 grams of methamphetamine, a Class X felony. The trial court appointed Michael Henneberry, the Bureau County Public Defender, to represent him. Henneberry filed a motion to suppress evidence. After the court denied the motion to suppress, defendant informed the court that he wished to represent himself. The trial court admonished defendant in accordance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). Defendant confirmed that he understood the admonitions and explained that he wanted to proceed with standby counsel. The court appointed Henneberry as standby counsel.

¶ 4        On November 29, 2017, defendant informed the court that he had reached an agreement with the State to plead guilty. The court advised him that he should consider having Henneberry represent him before he entered the plea. Defendant agreed and shortly thereafter informed the court that Henneberry was again representing him. The prosecutor explained to the court that defendant would plead guilty to unlawful possession of a controlled substance with intent to deliver and that he would receive an 18-year prison term followed by 3 years of mandatory supervised release (MSR). The court admonished defendant in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) and accepted his guilty plea. The court then sentenced him to 18 years' imprisonment, followed by 3 years of

MSR. The court admonished defendant of his appeal rights in accordance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).

¶ 5    On December 14, 2017, defendant sent a letter to the court stating that he was "exercising [his] right to an appeal." In the letter, he alleged ineffective assistance of counsel by Henneberry, inadequate time in the law library, and claims regarding the suppression hearing. The trial court treated the letter as a Rule 604(d) motion to withdraw the guilty plea. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 6    Because defendant was making claims against the Bureau County Public Defender, the court appointed the La Salle County Public Defender's Office to represent him. At a subsequent court date, defendant was represented by La Salle County Public Defender Timonthy Cappellini. Defendant thereafter complained about Cappellini's performance and asked the court to appoint an attorney from Peoria. The court explained to defendant that he could either have Cappellini as his attorney or represent himself. The court determined that defendant did not want Cappellini and thus discharged him. Defendant moved for a change of venue, which the trial court considered as a motion for substitution of judge. The motion was denied. Defendant then asked for counsel to be appointed, and the court again appointed the La Salle County Public Defender's Office.

¶ 7    On July 17, 2018, Cappellini told the court that defendant was refusing to cooperate with him. Defendant told the court that Cappellini was "totally against" what defendant was doing and therefore defendant was refusing to proceed with him. Defendant continued to argue that Cappellini had a conflict of interest, and the court explained that he did not. Defendant complained about Cappellini's representation, and the court told defendant that he would discharge Cappellini if defendant did not wish to be represented by him. Defendant said that he did not want Cappellini, so the court discharged him. He told defendant that he was free to hire his own lawyer at any time.

¶ 8    Defendant represented himself at the hearing on the motion to withdraw the plea. On October 18, 2018, the trial court denied the motion. The court found that defendant had not demonstrated any basis for withdrawing the plea. On November 16, 2018, defendant filed a motion to reconsider the denial of his postjudgment motion. The proof of service stated that he placed it in the prison mail system on November 2, 2018. Defendant then filed a notice of appeal on November 19, 2018.

The proof of service stated that it was placed in the prison mail system on November 14, 2018. On November 19, 2018, the trial court struck defendant's motion to reconsider for lack of jurisdiction and appointed the appellate defender to represent him.

¶ 9 Defendant then moved to dismiss the appeal as premature and asked the appellate court to remand the cause to the trial court so that the court could rule on his motion to reconsider the denial of his postjudgment motion. The court granted the motion and dismissed the appeal.

¶ 10 The court appointed Timothy Gatza from the Bureau County Public Defender's Office to represent defendant. Gatza filed an amended motion to reconsider the denial of defendant's postjudgment motion and then a second motion to reconsider. Following a hearing, the trial court denied the motion to reconsider on March 25, 2022. Defendant filed a notice of appeal three days later.

¶ 11 The Appellate Court, Third District, vacated and remanded for further proceedings. 2023 IL App (3d) 220112. Although the appellate court acknowledged that defendant had filed successive postjudgment motions (*id.* ¶ 11), it did not consider whether it had jurisdiction over the appeal. Defendant argued on appeal that (1) the trial court denied him his right to counsel for postplea proceedings and (2) the court failed to admonish him in accordance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before accepting his waiver of counsel for postplea proceedings. 2023 IL App (3d) 220112, ¶ 13. The court found the second argument dispositive and thus did not consider the first. *Id.* ¶ 22. The court noted that the Fourth District held in *People v. Young*, 341 Ill. App. 3d 379 (2003), that Rule 401(a) admonishments were not required in the postsentencing context. 2023 IL App (3d) 220112, ¶ 15. The court rejected that position and held that "Rule 401(a) admonishments are required even after a defendant is sentenced following a guilty plea." *Id.* ¶ 17. The court then determined that the trial court had failed to give defendant the necessary admonishments. *Id.* ¶ 19. Accordingly, the court vacated the trial court's denial of defendant's motion to withdraw his guilty plea and remanded for new postplea proceedings. *Id.* ¶ 22.

¶ 12 We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Dec. 7, 2023).

- 4 -

¶ 13                                    ANALYSIS

¶ 14        On appeal, the State argues that (1) the appellate court lacked jurisdiction over
defendant's appeal, (2) the appellate court erred in holding that Rule 401(a)
admonishments are required after entry of judgment, and (3) defendant's waiver of
counsel was knowing and intelligent. We find the State's first argument dispositive
and therefore do not address the other two issues.

¶ 15        The State contends that the appellate court lacked jurisdiction over the appeal
because defendant's notice of appeal was filed more than 30 days after the denial
of his Rule 604(d) postjudgment motion. Issues of jurisdiction are questions of law
that are reviewed *de novo*. *People v. Abdullah*, 2019 IL 123492, ¶ 18.

¶ 16        In *People v. Walls*, 2022 IL 127965, this court held that a successive
postjudgment motion to reconsider the denial of a motion to withdraw a guilty plea
pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 1, 2005) or to reconsider
the sentence does not toll the time for filing a notice of appeal. In that case, the
defendant pleaded guilty to two counts of second degree murder (720 ILCS 5/9-2
(West 2002)) and one count of aggravated battery with a firearm (*id.* § 12-4.2).
*Walls*, 2022 IL 127965, ¶ 3. The court sentenced him to three consecutive 15-year
prison terms. *Id.* In September 2005, the defendant filed a motion to reconsider the
sentences. *Id.* ¶ 4. The trial court denied the defendant's motion on October 14,
2005. *Id.* The defendant later filed a motion for a rehearing on his motion to
reconsider the sentences. He contended that his attorney had failed to comply with
Rule 604(d). *Id.*

¶ 17        The case was delayed for more than four years until, in April 2010, the
defendant filed a *pro se* petition, titled " 'Motion to Vacate or Redress a Void
Sentence,' " pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS
5/2-1401 (West 2008)). *Walls*, 2022 IL 127965, ¶ 5. After another extensive period
of delay and inaction, the defendant filed an " 'Amended Petition to Vacate and
Redress a Void Sentence' " in February 2019. *Id.* ¶ 6. This motion sought relief
under section 2-1401 and the Post-Conviction Hearing Act (725 ILCS 5/122-1
*et seq.* (West 2018)). *Walls*, 2022 IL 127965, ¶ 6. In April 2019, the defendant filed

a second amended petition, alleging ineffective assistance of counsel, denial of due process, and that his sentences were both void and excessive. *Id.* The State filed a motion to dismiss. *Id.*

¶ 18        In July 2019, the trial court determined that the case was still at the motion to reconsider sentence stage because defense counsel had never filed a Rule 604(d) certificate. *Id.* ¶ 7. The court directed the defendant's attorney to comply with Rule 604(d). *Id.* Because the court determined that the defendant's original motion to reconsider his sentence remained pending, the court struck all of the defendant's subsequent pleadings. *Id.* In February 2020, the defendant filed an amended motion to reconsider his sentence, and his attorney filed a Rule 604(d) certificate of compliance. *Id.* ¶ 8. The court denied the motion, and the defendant filed a notice of appeal. *Id.*

¶ 19        The Appellate Court, Fourth District, dismissed the appeal for lack of jurisdiction. 2021 IL App (4th) 200147-U. The court held that the defendant had 30 days from the date his motion to reconsider his sentences was denied in October 2005 to file his notice of appeal. *Id.* ¶ 19. The defendant's notice of appeal was more than 14 years too late. *Id.* ¶ 28. The appellate court further held that the trial court had erred in holding that the defendant's original motion to reconsider remained pending and unresolved due to defense counsel's failure to comply with Rule 604(d). *Id.* ¶ 20. The court explained that the failure to file a Rule 604(d) certificate is error but that the absence of the certificate does not render the trial court's judgment on a postplea motion void. *Id.* ¶ 21. This court allowed the defendant's petition for leave to appeal. *Walls*, 2022 IL 127965, ¶ 12.

¶ 20        On appeal, the defendant argued that his motion for rehearing of the denial of his motion to reconsider tolled the time to appeal. *Id.* ¶ 14. The defendant urged this court to follow *People v. Feldman*, 409 Ill. App. 3d 1124 (2011), which held that a notice of appeal is timely if filed within 30 days of the denial of a motion to reconsider the denial of a postplea motion. *Walls*, 2022 IL 127965, ¶ 14. This court rejected the defendant's argument, explaining that it was inconsistent with Illinois Supreme Court Rule 604(d) (eff. Feb. 1, 2005) and Rule 606(b) (eff. Dec. 1, 1999). *Walls*, 2022 IL 127965, ¶¶ 17-19.

¶ 21        This court noted that Rule 604(d) provides that no appeal from a judgment entered on a plea of guilty may be taken unless the defendant files either a motion

to withdraw the guilty plea or a motion to reconsider the sentence within 30 days of the date on which sentence is imposed. *Id.* ¶ 17. If the motion is denied, the defendant must file a notice of appeal within the time allowed in Rule 606(b), measured from the date of entry of the order denying the motion. *Id.* Rule 606(b) provides that the notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or, if a timely motion directed against the judgment is filed, within 30 days after the entry of the order disposing of that motion. *Id.* ¶ 18. This court explained that these rules "plainly required defendant to file his notice of appeal within 30 days after entry of the trial court's order disposing of his motion directed against the final judgment." *Id.* ¶ 19. Thus, the defendant's notice of appeal had been due within 30 days of October 14, 2005, the date the court denied his motion to reconsider the sentence. *Id.* The defendant's notice of appeal filed on March 6, 2020, was more than 14 years late. *Id.*

¶ 22        This court rejected the defendant's argument that the time for filing a notice of appeal was extended by his motion for rehearing of the denial of his motion to reconsider the sentence. The defendant had relied on the appellate court's decision in *Feldman*. In that case, the trial court denied the defendant's motion to withdraw his guilty plea on May 22, 2009. *Feldman*, 409 Ill. App. 3d at 1126. The defendant filed a motion to reconsider on June 17, 2009. The trial court denied the motion on June 29, 2009. *Id.* The appellate court held that a notice of appeal filed on July 17, 2009, was timely because it was filed within 30 days of the denial of the motion to reconsider. *Id.* at 1127. *Feldman* determined that the final judgment was the order denying the motion to withdraw the guilty plea. *Id.* Accordingly, the motion to reconsider that denial did not run afoul of the rule against successive postjudgment motions. *Id.* This court explained that *Feldman* had erred in concluding that the final judgment was the denial of the motion to withdraw the guilty plea. *Walls*, 2022 IL 127965, ¶ 23. *Feldman* had not considered this court's long-standing case law that the final judgment in a criminal case is the sentence. *Id.* This court further held that *Feldman* was inconsistent with the plain language of Rules 604(d) and 606(b), which require a notice of appeal to be filed within 30 days of the denial of a motion to withdraw the guilty plea or a motion to reconsider the sentence. *Id.* ¶ 24. Accordingly, *Feldman* was explicitly overruled. *Id.* Citing *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981), this court noted that it had emphasized the importance of finality of judgments by preventing successive postjudgment motions. *Walls*, 2022 IL 127965, ¶ 25. This court thus affirmed the appellate court's judgment dismissing

the appeal for lack of jurisdiction and remanded the cause to the trial court to reinstate defendant's section 2-1401 and postconviction proceedings. *Id.* ¶¶ 27-29.

¶ 23      This case is controlled by *Walls*. The trial court denied defendant's motion to withdraw the guilty plea on October 18, 2018. Defendant's notice of appeal was due within 30 days of that date. He did not file a notice of appeal until March 28, 2022, which was more than four years too late. As explained by *Walls*, defendant could not extend the time to appeal by filing a motion to reconsider the denial of his postjudgment motion. Our rules plainly require that a notice of appeal be filed within 30 days of the denial of a motion to withdraw the guilty plea or a motion to reconsider the sentence. The appellate court lacked jurisdiction over defendant's appeal, and its judgment is therefore void. See *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17 (judgment entered by court without jurisdiction is void).

¶ 24      Defendant contends that *Walls* is distinguishable because it did not involve an initially filed timely notice of appeal. Here, defendant initially filed a timely notice of appeal from the trial court's denial of his motion to withdraw his guilty plea. This is a distinction without a difference, as that initial appeal was dismissed on defendant's motion. The appellate court did not retain jurisdiction, and the subsequent appeal was filed under a new case number.

¶ 25      Defendant further contends that it would be unjust to apply *Walls* to this case, because *Feldman* was still good law at the relevant time. As we noted above, however, a judgment entered by a court without jurisdiction is void. Moreover, it would not have been reasonable for defendant to rely on *Feldman*, which was a Fifth District case. This case arose in the Third District, and that district had interpreted the relevant supreme court rules consistently with what this court would ultimately hold in *Walls*. In *People v. Kibbons*, 2016 IL App (3d) 150090, ¶¶ 3-4, the defendant entered a negotiated guilty plea to aggravated driving under the influence of alcohol, and the trial court sentenced him to eight years' imprisonment. Within 30 days of sentencing, on August 13, 2013, the defendant filed a motion to reconsider the sentence. *Id.* ¶ 6. The motion was denied on October 18, 2013. *Id.* On November 15, 2013, the defendant filed a motion to withdraw his guilty plea or, alternatively, to reconsider the sentence and for extended time to appeal. *Id.* ¶ 7. The defendant alleged both a *per se* conflict of interest and an actual conflict of

interest on the part of the state's attorney. *Id.* On April 24, 2014, the trial court denied the defendant's motion, finding no *per se* conflict of interest but allowing him time to file pleadings alleging an actual conflict. *Id.* On May 22, 2014, the defendant moved to withdraw his guilty plea based on actual prejudice, and he filed an amended motion on November 13, 2014. *Id.* On January 16, 2015, the trial court granted the State's motion to strike the defendant's motion on the basis that it did not make sufficient allegations of actual prejudice. *Id.* The defendant filed a notice of appeal on February 6, 2015. *Id.*

¶ 26        The Third District dismissed the appeal for lack of jurisdiction. *Id.* ¶ 13. The court explained that, because the defendant had entered into a negotiated plea agreement, he was required to file a motion to withdraw the guilty plea. *Id.* ¶ 12. Instead, he filed a motion to reconsider the sentence. *Id.* Although the defendant filed the wrong motion, it was nevertheless a timely motion directed against the judgment and tolled the time for appeal. *Id.* The defendant's notice of appeal was thus due within 30 days of the date that the court denied his motion to reconsider the sentence. *Id.* ¶¶ 12-13. The court noted that the plain language of Rules 604(d) and 606(b) mandates that a notice of appeal be filed within 30 days of the final judgment or within 30 days of the entry of an order disposing of a timely filed motion directed against the judgment. *Id.* ¶ 10. Consistent with this court's long-standing precedent—and contrary to *Feldman*—the court explained that the final judgment in a criminal case is the sentence. *Id.* Although the defendant later filed a second postjudgment motion within 30 days of the denial of the first one—this time a motion to withdraw the guilty plea or alternatively to reconsider the sentence—it could not be considered a timely motion directed against the judgment, and it did not extend the time for appeal. *Id.* ¶ 13. Thus, although the facts of *Kibbons* are different in that the second postjudgment motion was not a motion to reconsider the denial of the first one, it is nevertheless the case that it was settled law in the Third District that (1) the final judgment in the criminal case is the sentence and (2) a notice of appeal must be filed within 30 days of the denial of a Rule 604(d) motion to withdraw the guilty plea or to reconsider the sentence. It would not have been reasonable for defendant to rely on the Fifth District's holding to the contrary.

¶ 27        Defendant further contends that holding that the appellate court lacked jurisdiction would be contrary to "well-established case law that the courts have remanded cases multiple times for failing to comply with Rule 604 by having filed

a non-compliant 604(d) certificate." Defendant cites *People v. Lindsay*, 239 Ill. 2d 522 (2011), as an example. Defendant notes that, in that case and other cases like it, the appellate court had remanded for Rule 604(d) compliance and there was no jurisdictional issue when a new notice of appeal was filed, even though more than 30 days had elapsed from the original postplea judgment. As the State correctly points out, defendant's reliance on cases like *Lindsay* is misplaced. In *Lindsay*, the appellate court had reversed the denial of the Rule 604(d) motion (see Ill. S. Ct. R. 604(d) (eff. July 1, 2006)) and remanded for new proceedings on that motion. *Lindsay*, 239 Ill. 2d at 524. The trial court then conducted a new hearing on the defendant's Rule 604(d) motion and once again denied it. *Id.* The defendant then timely appealed. *Id. Lindsay* is clearly distinguishable, as it was a case in which the reviewing court granted the defendant relief and remanded for a new hearing on his postjudgment motion. Accordingly, the clock was reset for defendant to file a notice of appeal. Here, by contrast, the initial appeal was *dismissed*. The appellate court did not grant defendant a new hearing on his motion to withdraw the guilty plea, and the time to file a notice of appeal was not reset.

¶ 28 Lastly, both the State and defendant ask this court to exercise our supervisory authority if we find a lack of jurisdiction. The parties urge us to use our supervisory authority to resolve the conflict over whether Rule 401(a) applies to postjudgment proceedings. Use of supervisory orders is " 'disfavored.' " *People v. Salem*, 2016 IL 118693, ¶ 21 (quoting *In re J.T.*, 221 Ill. 2d 338, 347 (2006)). We generally will issue a supervisory order only when the normal appellate process fails to provide adequate relief and the issue in dispute is " 'a matter important to the administration of justice, or where intervention is necessary to keep an inferior court or tribunal from acting beyond the scope of its authority.' " *Id.* (quoting *In re J.T.*, 221 Ill. 2d at 347). Neither instance is at play in this case. Defendant had an adequate avenue for relief but neglected to pursue it, and our vacatur of the appellate court orders negates its judgment and any actions beyond its authority. For these reasons, we decline to exercise our supervisory authority.

¶ 29                                    CONCLUSION

¶ 30 In sum, the appellate court lacked jurisdiction to consider defendant's appeal, and its judgment is therefore void. Defendant's notice of appeal was due within 30

days of October 18, 2018. Defendant did not file his notice of appeal until March 28, 2022. Accordingly, the appellate court lacked jurisdiction to consider defendant's appeal, and we therefore vacate its judgment and affirm the judgment of the circuit court.

¶ 31      Appellate court judgment vacated.

¶ 32      Circuit court judgment affirmed.