2026 IL App (1st) 250220-U

No. 1-25-0220

Order filed March 6, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RONALD LEZONA EFFOUA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CH 1756 |
| | ) | |
| EMILY MEEHAN and CARMEN ANDERSON, | ) | |
| in their capacities as employees of THE | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | Honorable |
| | ) | David B. Atkins, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss this appeal for lack of jurisdiction.

¶ 2    Ronald Lezona Effoua, proceeding *pro se,* appeals from the trial court order that dismissed

as untimely his complaint for administrative review of a final administrative decision. This appeal,

however, must be dismissed because we lack jurisdiction. The notice of appeal was filed more than

30 days after the trial court denied Lezona Effoua's timely postjudgment motions, rendering the notice untimely.

¶ 3                                    Background

¶ 4     The facts are drawn from the common law record and a bystander's report approved by the circuit court. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017). We relate those facts relevant to the issues on appeal.

¶ 5     Lezona Effoua applied for public aid with the Illinois Department of Human Services, which denied his request for cash benefits. He appealed that decision, and Administrative Law Judge Emily Meehan held a telephonic hearing. Lezona Effoua and Carmen Anderson, a caseworker manager for Northwest Family Community Resource Center, testified.

¶ 6     The Department issued a final administrative decision affirming the denial of cash benefits. An attached letter, dated January 24, 2024, stated that the decision was reviewable only through the circuit court of Cook County, and that the time for "such review may be as short as 35 days from the date of this letter, which is the date that it was deposited into the United States mail."

¶ 7     Lezona Effoua filed a complaint for administrative review in the circuit court, naming Meehan and Anderson as defendants. They moved to dismiss under section 2-619.1 of the Code of Civil Procedure. 735 ILCS 5/2-619.1 (West 2024), alleging that Lezona Effoua filed his complaint more than 35 days after the final administrative decision, and that defendants Meehan and Anderson were not proper parties. The circuit court granted the motion to dismiss and made the order "final and appealable."

¶ 8     Then, Lezona Effoua electronically filed a typewritten motion and affidavit for reconsideration. The next day, he filed another motion for reconsideration, using a preprinted form.

On October 28, 2024, the circuit court denied Lezona Effoua reconsideration and stated that the matter remained dismissed with prejudice.

¶ 9 On November 20, 2024, Lezona Effoua filed a notice of appeal, which was assigned appeal number 1-24-2322. On December 11, 2024, he filed a "Second Motion to Reconsider" in the circuit court, alleging that his complaint was timely filed "not later" than two years "after the occurrence or termination of an alleged civil rights violation."

¶ 10 Next, Lezona Effoua asked this court to dismiss appeal number 1-24-2322. We granted his motion and dismissed that appeal on January 14, 2025. See *Lezona Effoua v. Meehan et al.*, No. 1-24-2322 (Jan. 14, 2025) (dispositional order).

¶ 11 Thereafter, on January 29, 2025, the circuit court denied Lezona Effoua's "Second Motion to Reconsider," finding "no basis" to reconsider either the dismissal of the complaint or the denial of the motion to reconsider on October 28, 2024.

¶ 12 This Appeal

¶ 13 Lezona Effoua filed a new notice of appeal on February 4, 2025. It sought review of the circuit court's (i) dismissal of the complaint for administrative review on August 29, 2024, (ii) denial of the motions to reconsider on October 28, 2024, and (iii) denial of the second motion to reconsider.

¶ 14 Compliance with Supreme Court Briefing Rules

¶ 15 Lezona Effoua's briefs lack both cohesive legal arguments and reasoned bases in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020) (about form and content of appellate briefs). Arguments not complying with Rule 341(h)(7) "may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 16    Although we have discretion to dismiss briefs that do not comply with Rule 341(h)(7) (*Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32), dismissal is not warranted. The record and the Department's brief provide a sufficient basis to proceed.

¶ 17                                   Issue of Appellate Jurisdiction

¶ 18    That said, we lack jurisdiction to address the merits.

¶ 19    A notice of appeal confers jurisdiction only if it is filed timely. See *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 25. Where a timely motion directed against the final judgment is filed, the appeal must be filed within 30 days of the denial of that postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 20    In addition, "A party is entitled to only one post-judgment motion directed at the final judgment, filed within 30 days of the final judgment." *Id.* (citing Ill. S. Ct. R. 274 (eff. July 1, 2019)). Consequently, successive postjudgment motions do not affect the time for filing a notice of appeal. *Parker v. Liberty Insurance Underwriters, Inc.*, 2022 Il App (1st) 200812, ¶ 25.

¶ 21    Here, the trial court dismissed the complaint for administrative review on August 29, 2024. Lezona Effoua timely filed motions to reconsider on September 12, 2024, and September 13, 2024. The court denied those motions on October 28, 2024, and he had 30 days, or until November 27, 2024, to file a timely notice of appeal. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 22    Lezona Effoua timely filed a notice of appeal on November 20, 2024, assigned appeal number 1-24-2322. On December 27, 2024, however, he moved to dismiss that appeal, which was granted on January 14, 2025. See *Lezona Effoua v. Meehan, et al.*, No. 1-24-2322 (Jan. 14, 2025) (dispositional order); see also *People v. Dyas*, 2025 IL 130082, ¶ 24 (appellate court does not retain jurisdiction when appeal is dismissed, and subsequent appeal receives new case number).

¶ 23    The notice of appeal now before us was filed on February 4, 2025, and is untimely because the 30-day window for appealing started to run after entry off the October 28, 2024, order denying Lezona Effoua's timely postjudgment motions. See *Royal Oak Condominium Ass'n, Inc.*, 2025 IL App (1st) 242317, ¶ 16 (trial court's denial of timely postjudgment motion "starts a 30-day clock in which the party must appeal the final judgment").

¶ 24    A successive motion for reconsideration does not affect the 30-day window that begins with the trial court's denial of the timely postjudgment motion, here, on October 28, 2024. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) ("No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed under this rule."); see also *Parker*, 2022 Il App (1st) 200812, ¶ 25 ("Successive postjudgment motions do not toll the time for filing a notice of appeal.").

¶ 25    There is a good reason for this rule—successive post-judgment motions could "prolong litigation over a final judgment indefinitely in the circuit court." See *Royal Oak Condominium Ass'n, Inc.*, 2025 IL App (1st) 242317, ¶ 19. As explained in *Royal Oak Condominium Ass'n, Inc*, "[t]he timely filing of a notice of appeal is the (only) step that triggers appellate jurisdiction; if the notice of appeal is untimely, we lack jurisdiction." *Id.* ¶ 26.

¶ 26    Here, Lezona Effoua had 30 days from the October 28, 2024, denial of the timely postjudgment motion or until November 27, 2025, to file the notice of appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). That timely appeal, once voluntarily dismissed, does not give us jurisdiction over the later, untimely appeal from the same judgment. See *People v. Dyas*, 2025 IL 130082, ¶ 24. Thus, we have no choice but to dismiss this appeal.

¶ 27    Dismissed.